IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GUILTRON, | No. C 05-00888 CRB |
|     Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMANDING CASE** |
| v. | |
| UNITED PARCEL SERVICE, | |
|     Defendant. | |

    Now before the Court is plaintiff's motion for leave to file a first amended complaint. After carefully considering the papers submitted by the parties, the Court finds that oral argument is unnecessary, see L.R. 7-1(b), and GRANTS the motion. As both parties agree that the amendment to the complaint destroys diversity of the parties, this action is accordingly REMANDED to San Mateo County Superior Court.

## BACKGROUND

    According to the allegations in the complaint, plaintiff was hired as a driver for UPS in 1993 and sustained serious injuries while working in June 2000. In September 2002, plaintiff was terminated. Thereafter, plaintiff filed a complaint through his union's grievance procedure. On August 17, 2004, plaintiff filed a complaint in San Mateo Superior Court, alleging disability discrimination under Cal. Labor Code § 132(a), a violation of public policy under Cal. Bus. & Prof. Code § 17200 and a common law negligence per se claim.

On October 20, 2004, the arbitrator overseeing the previously-filed grievance procedure concluded that plaintiff was terminated without cause and ordered reinstatement of his employment. On March 2, 2005, UPS removed this case to this Court. The next month, plaintiff was again terminated. He alleges the termination was in retaliation for his earlier complaints of disability discrimination. After exhausting his administrative remedies, plaintiff filed a motion in this Court for leave to file a first amended complaint to include claims for discrimination and retaliation under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 et seq., based on the second termination and events leading up to it. The retaliation claim in the new complaint also was brought against Robert Chase, plaintiff's former supervisor. Plaintiff complains that Chase demanded that he work excessive hours, aggravating his disability, that he refused to provide accommodations for the disability, that he threatened to fire plaintiff, gave negative job assessments, and participated in plaintiff's termination.

## DISCUSSION

Title 28, United States Code, section 1447(e) provides that:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.

In considering whether to allow joinder under section 1447(e), courts have considered several factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil procedure Rule 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviations Servs. v. Compañia Mexicana de Aviacion, S.A., 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000). The determination of whether to allow this kind of joinder is within the discretion of the district court. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

2

Application of the six factors described above leads to the conclusion that joinder should be permitted. Regarding the first factor, it is important to note that joinder under section 1447(e) is more freely granted than joinder under Rule 19. <u>IBC Aviations</u>, 125 F.Supp.2d at 1012. In general, courts allow joinder where "failure to join will lead to separate and redundant actions, " but not where the new defendants "are only tangentially related to the cause of action or wold not prevent complete relief." <u>Id.</u> at 1011.

Here, this Court finds that the non-diverse defendant that plaintiff seeks to add, Robert Chase, is not tangentially related to the cause of action and that the failure to join will lead to a waste of judicial resources and risks inconsistent rulings. <u>See id.</u> at 1011. Plaintiff has stated a valid claim for retaliation under FEHA against Chase. In order to do so, plaintiff must allege: (1) he engaged in activities protected by FEHA; (2) his employer subsequently took adverse employment action against him; and (3) there was a causal connection between protected the activity and the adverse employment action. <u>See</u> <u>Miller v. Dept. of Corrections</u>, 36 Cal.4th 446, 30 Cal.Rptr.3d 797, 819 (Cal. 2005). Plaintiff has adequately pled these three elements by alleging: (1) he engaged in the protected activity of filing a labor dispute contesting his termination; (2) Chase participated in his termination; and (3) the adverse actions were caused by the protected activity. In addition, a supervisor is individually liable for retaliatory discrimination under FEHA. <u>See</u> <u>Walrath v. Sprinkel</u>, 99 Cal.App.4th 1237, 1242 (Cal. Ct. App. 2002); <u>Winarto v. Toshiba America Electronics Components</u>, 274 F.3d 1276, 1288 (9th Cir. 2001). Because plaintiff has stated a legal claim against Chase, and because Chase appears to be a central figure in plaintiff's retaliation claim, it cannot be claimed that Chase is only tangentially related to this action. Although plaintiff is not precluded by the statute of limitations from making these claims against Chase in state court, "requiring [plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results." <u>IBC Aviations</u>, 125 F.Supp.2d at 1012.

The third factor also weighs in favor of granting leave to amend. Not only was the motion to amend timely, it is clear that plaintiff could not have filed it any sooner. All the new claims in the proposed amended complaint--including those made against Chase--are

1  based on events that occurred after the filing of the original complaint.  Plaintiff moved to
2  amend the complaint immediately after he exhausted his administrative remedies.

3        Defendant claims that plaintiff's sole purpose in adding Chase as a defendant is to
4  destroy diversity post-removal.  While the plaintiff's motive is relevant to this inquiry, see
5  IBC Aviation, 125 F.Supp.2d at 1012, it is not as important as it was prior to Congress's
6  passage of section 1447(e) which "gives courts more flexibility in dealing with the addition
7  of such defendants."  Id.  Defendant's claim of an improper motive is also undercut by the
8  fact that plaintiff could not have included claims against Chase in the original complaint
9  since the factual predicates of those claims had not yet occurred.  This Court therefore finds
10 plaintiff's interest in adding Chase as a defendant to be "reasonable and justifiable."  See id.

11       The final two factors also favor joinder.  As mentioned above, it appears that plaintiff
12 has stated a valid claim against Chase.  Moreover, "denying the amendment would require
13 Plaintiff to choose between redundant litigation arising out of the same facts and involving
14 the same legal issues or foregoing its potential claims against [Chase], while allowing
15 amendment will not prejudice the Defendants as discovery has not yet begun."  Id. at 1013.

16       This Court agrees with plaintiff that greater judicial economy is created by trying the
17 claims made in the original complaint together with the claims plaintiff seeks to add.  For this
18 reason, and for those stated above, the Court GRANTS the motion for leave to file a first
19 amended complaint.  The case is therefore REMANDED to San Mateo County Superior
20 Court.

21       **IT IS SO ORDERED.**

24 Dated: August 15, 2005            CHARLES  R. BREYER
                                          UNITED STATES DISTRICT JUDGE